UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH, KRISTINA FLESHMAN,<br><br>PlaintiffS,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No.  2:19–cv–01426–TLN–CKD<br><br>ORDER CONTINUING HEARING ON MOTION TO COMPEL (ECF No. 19) TO APRIL 7, 2021 &<br><br> ORDER TO SHOW CAUSE |

Defendant Angela Vickers, M.D., has filed a motion to compel plaintiffs Clifford Smith and Kristina Fleshman to furnish responses to a total of four sets of discovery, consisting of Special Interrogatories, Set One, and Requests for Production, Set One, propounded to each plaintiff. (ECF No. 19.) The motion was noticed for hearing before the undersigned on March 10, 2021, making plaintiff's opposition due no later than March 3, 2021.[1]  See E.D. Cal. R. 251(e).

There has been no opposition filed or other communication from plaintiffs' counsel. Accordingly, plaintiffs' counsel is ordered to show cause, in writing, why the court should not grant the motion to compel, ordering responses without objections, and to show cause, in writing,

---

[1] This matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

why the court should not impose monetary sanctions against plaintiffs' counsel for failing to participate in meet and confer efforts, failing to assist in creating a joint statement regarding this discovery dispute, and failing to respond to the motion to compel.

The hearing on this motion to compel (ECF No. 19) is continued to April 7, 2021 at 10:00 a.m.

**BACKGROUND**

Plaintiffs filed this action in the Superior Court of the State of California, County of Sacramento, after which defendant County of Sacramento removed to this court. Plaintiffs allege two causes of action against defendant Vickers: "42 U.S.C. section 1983 (Unwarranted Non-Consensual Medical Exam" and "Monell Related Claim (Unwarranted Seizure)". Plaintiffs' allegations stem from alleged unwarranted non-consensual medical examinations of their minor children in 2017 allegedly ordered by defendant Vickers. (ECF No. 1, Notice of Removal and Complaint.)

On October 30, 2020, counsel for defendant Vickers served written discovery requests on both plaintiffs: Special Interrogatories, Set One, and Requests for Production of Documents, Set One.  As to each plaintiff, the requests consist of 21 special interrogatories and 7 requests for production of documents. (ECF No. 19-1 at 5-31.)

To date, neither plaintiff has responded to any of the discovery requests. In addition, plaintiffs' counsel has made no response to two letters from counsel for defendant Vickers.[2] (ECF No. 19-1 at 2-3.) On February 4, 2021, defendant Vickers filed the instant motion to compel, asking the court to order plaintiffs to respond, without objection, to the four sets of discovery requests.  (ECF No. 19.)

////

////

---

[2] Defendant County of Sacramento has also filed a motion to compel outstanding discovery. (ECF No. 20.) Defendant County of Sacramento similarly states that plaintiffs' counsel has not responded to letters, emails or phone messages regarding outstanding discovery requests. (ECF No. 20-2 at 2-3.) Defendant County of Sacramento's motion is currently calendared for hearing on April 7, 2021, at 10:00 a.m.

**DISCUSSION**

Unless otherwise agreed, a party must serve answers and any objections to interrogatories within 30 days after service—and likewise must respond within 30 days of service to requests for production of documents. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  Any objections not timely asserted are waived, unless the court, for good cause, excuses the failure to object. Fed. R. Civ. P. 33(b)(4); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (discussing Rules 33 & 34).

By failing to respond or object to the discovery requests, plaintiffs have waived all objections to the Interrogatories and Requests for Production at issue.  See Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(A); Richmark Corp., 959 F.2d at 1473.  Plaintiffs have not sought an extension of time from the propounding defendant or the court. Plaintiffs' counsel offers no explanation for failing to respond to follow-up inquiries from defense counsel and has not filed an opposition to the instant motion.

Accordingly, the court orders plaintiffs' counsel to show cause, in writing, why the court should not grant the motion to compel and further to show cause, in writing, why the court should not impose monetary sanctions against plaintiff's counsel for failing to participate in meet and confer efforts, failing to assist in creating the joint statement regarding this discovery dispute, and otherwise failing to respond to this motion to compel.

Plaintiffs and plaintiffs' counsel are warned that failure to comply with this order may result in the imposition of sanctions, including monetary sanctions, and, in addition, up to and including dismissal of plaintiffs' claims against defendant Vickers.  See Fed. R. Civ. P. 37(b)(2).

**CONCLUSION**

For these reasons, IT IS ORDERED THAT:

1. The hearing on defendant's motion to compel (ECF No. 19) is continued to April 7, 2021, at 10:00 a.m.
2. Within 7 days of the date of entry of this order, plaintiffs' counsel shall show cause, in writing, why the court should not impose monetary sanctions against him for failing to

participate in meet and confer efforts, failing to assist in creating the joint statement regarding this discovery dispute, and failing to respond to the motion to compel.

IT IS SO ORDERED.

Dated: March 4, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.osc smith