UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH, KRISTINA FLESHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No.  2:19-cv-01426 TLN CKD<br><br><br><br>ORDER |

Before the court are the unopposed motions to compel filed by defendant Angela Vickers (ECF No. 19) and defendant City of Sacramento (ECF No. 20). These matters were calendared for hearing on April 7, 2021, at 10:00 a.m. The court finds it appropriate to resolve the motions without a hearing. Good cause shown, the motions to compel are granted. Within 14 days, plaintiffs' counsel shall file a status report addressing the matters identified below.

**I.     BACKGROUND**

Plaintiffs filed this action in the Superior Court of California, County of Sacramento, after which the case was removed to this court. Plaintiffs' complaint brings claims under 42 U.S.C. § 1983 for unwarranted seizure, unwarranted non-consensual medical examination, Monell-related claims, and wrongful death in relation to events that occurred in 2017 after one of their children

1

was admitted to the UC Davis Medical Center and then placed into protective custody. Plaintiffs' complaint alleges that City of Sacramento police officers removed plaintiffs' other minor children from their home and alleges defendant Vickers ordered forensic medical examinations of two of the plaintiffs' children.

## II.   DISCOVERY REQUESTS AND THE PENDING MOTIONS

On October 30, 2020, defendant Vickers served written discovery requests on both plaintiffs: Special Interrogatories, Set One, and Requests for Production of Documents, Set One. (ECF No. 19-1 at 2.)

On December 10, 2020, defendant City of Sacramento served written discovery requests on both plaintiffs: Special Interrogatories, Set One, and Requests for Production of Documents, Set One. (ECF No. 20-1 at 2.)

On February 4, 2021, defendant Vickers moved to compel plaintiffs to furnish responses to the outstanding discovery. (ECF No. 19.) On March 2, 2021, defendant City of Sacramento moved to compel plaintiffs to furnish responses to the outstanding discovery. (ECF No. 20.) According to defendants' motions, neither plaintiff timely responded to any of the discovery requests, neither plaintiff sought extensions of time, and plaintiffs' counsel could not be reached.

On March 4, 2021, the court ordered plaintiffs' counsel to show cause, in writing, why the court should not grant defendant Vicker's motion to compel and impose monetary sanctions against plaintiff's counsel for failing to participate in meet and confer efforts, failing to assist in creating the joint statement regarding this discovery dispute and failing to respond to the motion. (ECF No. 21.)

On March 11, 2021, plaintiffs' counsel filed a response to the order to show cause assuming personal responsibility for not responding to the outstanding discovery requests. (ECF No. 22.) The letter from plaintiff's counsel states that counsel would provide full responses without objection to all outstanding discovery within 10 days, that counsel was actively looking for new counsel for plaintiffs, and that the court should grant the orders sought by defendants.

////

////

**III.     DISCUSSION**

Unless otherwise agreed, a party must serve answers and any objections to interrogatories within 30 days after service, and likewise must respond within 30 days of service to requests for production of documents. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Any objections not timely asserted are waived, unless the court, for good cause, excuses the failure to object. Fed. R. Civ. P. 33(b)(4); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (discussing Rules 33 & 34).

Plaintiffs do not oppose the motions to compel. By failing to respond or object to the discovery requests, plaintiffs waived all objections to the Interrogatories and Requests for Production at issue. See Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(A); Richmark Corp., 959 F.2d at 1473. Accordingly, both motions to compel are granted.

In accordance with the above, IT IS ORDERED THAT:

1. The April 7, 2021 hearing is vacated.
2. Defendant Vicker's Motion to Compel (ECF No. 19) is granted. If plaintiffs have not already provided complete and verified responses to the four sets of discovery, plaintiffs shall do so within 10 days.
3. Defendant City of Sacramento's Motion to Compel (ECF No. 20) is granted. If plaintiffs have not already provided complete and verified responses to the four sets of discovery, plaintiffs shall do so within 10 days.
4. Within 14 days of the date of entry of this order, plaintiffs' counsel shall file a status report addressing whether complete responses to defendants' discovery requests have been provided and setting forth the status of plaintiffs' counsel's efforts to find new representation for plaintiffs.

Dated:  April 2, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Smith19-cv-1426.MTC