UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH, KRISTINA FLESHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19–cv–01426–TLN–CKD<br><br>ORDER CONTINUING HEARING ON MOTION FOR TERMINATING SANCTIONS (ECF No. 25) TO JUNE 2, 2021 &<br><br>ORDER TO SHOW CAUSE |

Defendant City of Sacramento (hereinafter "City") has filed a motion for terminating sanctions, or in the alternative, monetary sanctions. (ECF No. 25.) The motion was noticed for a hearing on May 26, 2021, causing plaintiffs' opposition to be due no later than May 12, 2021.[1] See E.D. Cal. R. 230(c). Plaintiffs have not opposed the motion.

As set forth below, plaintiffs are ordered to show cause, in writing, why the court should not grant the motion for terminating sanctions. In addition, the hearing on the City's motion for terminating sanctions is continued to June 2, 2021 at 10:00 a.m., to be heard at the same time as the motion for sanctions filed by defendant Angela Vickers, M.D. (ECF No. 28.)

---

[1] This matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

**I.    BACKGROUND**

Plaintiffs originally filed this action in the Superior Court of California, County of Sacramento, after which the case was removed to this court. Plaintiffs' complaint brings claims under 42 U.S.C. § 1983 for unlawful seizure, unwarranted non-consensual medical examination, wrongful death, and Monell-related claims in relation to events that occurred in 2017 when their child was admitted to the UC Davis Medical Center with injuries and subsequently died. Plaintiffs' complaint alleges City-employed police officers unlawfully placed this child into protective custody and unlawfully removed plaintiffs' other minor children from their home.

On December 10, 2020, the City served each Plaintiff with written discovery including special interrogatories and requests for production of documents. On March 2, 2021, having received no responses, the City moved to compel plaintiffs to furnish responses to the outstanding discovery. (ECF No. 20.)

On April 2, 2021, the court granted the City's motion to compel and ordered plaintiffs to provide complete and verified responses to the four sets of discovery within 10 days. (ECF No. 24.) Pursuant to the court's order, discovery responses were due on April 12, 2021. In addition, pursuant to the court's order, plaintiffs' counsel was to file a status report within 14 days addressing whether complete discovery responses had been provided and addressing his efforts to find new representation for plaintiffs.[2] The status report was due on April 16, 2021.

To date, plaintiffs' counsel has not filed the ordered status report. The City's motion for terminating sanctions further indicates plaintiffs have not provided the City with responses to the outstanding discovery. The City seeks sanctions in the form of terminating sanctions whereby the City and all City defendants are dismissed from the case. In the alternative, the City seeks monetary sanctions for having to bring this instant motion.

////

---

[2] Plaintiffs' counsel had previously responded to one order to show cause issued in this case. Pertaining to a failure to respond to outstanding discovery and a motion to compel filed by defendant Vickers, M.D., plaintiffs' counsel filed a March 11, 2021 letter in which he stated the failure to respond to propounded discovery rested solely on counsel's shoulders, that plaintiffs would provide full responses without objections to outstanding discovery, and that he was actively seeking to find new counsel to represent plaintiffs. (ECF No. 22.)

**II.    DISCUSSION**

"District courts have inherent power to control their dockets," Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)). The Local Rules of the Eastern District also provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Thus, it is within the discretion of this court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "'dismissal is a harsh penalty . . . it should only be imposed in extreme circumstances.'" Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (quoting Ferdik, 963 F.2d at 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). Wrongful intent or actual ill will is not required; rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith or fault." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014); Henry v. Gill Indus. Inc., 983 F.2d 943, 948 (9th Cir. 1993). Substantial and prejudicial obduracy may also constitute bad faith. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir.2002).

A court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

1 | Terminating sanctions may be appropriate even if disobedience of the court order is the
2 | fault of the party's attorney alone. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); W. Coast
3 | Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990) ("A plaintiff cannot avoid
4 | dismissal by arguing that he or she is an innocent party who will be made to suffer for the errors
5 | of his or her attorney. The established principle is that the faults and defaults of the attorney may
6 | be imputed to, and their consequences visited upon, his or her client.") (citations omitted); see
7 | Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92 (1990) (service on attorney constitutes notice
8 | to clients); Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) ("Under this
9 | circuit's precedent, a client is ordinarily chargeable with his counsel's negligent acts.").

Here, pertaining to the City defendant, plaintiffs have still not complied with the court's order requiring them to respond to the four sets of discovery propounded upon them. Based on plaintiffs' counsel's letter filed on March 11, 2021, the fault for this omission appears to lie with plaintiffs' counsel. Plaintiffs' counsel has also failed to comply with the court's order requiring that a status report be filed addressing whether complete responses have been provided and counsel's efforts to find new representation for plaintiffs. There is, further, no response to the City's motion for terminating sanctions to date.

In addition, on May 3, 2021, defendant Angela Vickers, M.D., filed a motion for terminating sanctions, or, in the alternative, monetary sanctions. Defendant Vickers' motion is noticed for a hearing on June 2, 2021, at 10:00 a.m. (ECF No. 28.) To date, there is no response to defendant Vickers' motion for terminating sanctions. The court finds good cause to continue the hearing on defendant City's motion for terminating sanctions to June 2, 2021, to be heard at the same time as defendant Vickers' motion for terminating sanctions.

Within 7 days, plaintiffs shall show cause, in writing, why the court should not impose terminating sanctions for failing to provide complete and verified responses to outstanding discovery in accordance with the court's April 2, 2021 order and the other requirements of the court's April 2, 2021 order as set forth herein. Plaintiffs and plaintiffs' counsel are warned that failure to comply with this order may result in the imposition of sanctions, including monetary sanctions and terminating sanctions. See Fed. R. Civ. P. 37(b)(2).

**III.     CONCLUSION**

For these reasons, IT IS ORDERED THAT:

1. The hearing on defendant's City of Sacramento's motion for terminating sanctions or monetary sanctions (ECF No. 25) is continued to June 2, 2021, at 10:00 a.m.
2. Within 7 days of the date of entry of this order, plaintiffs shall show cause, in writing, why the court should not impose terminating sanctions for failing to provide complete and verified responses to the four sets of discovery in accordance with the court's April 2, 2021 order, and otherwise failing to comply with the court's orders as set forth herein.

Dated: May 18, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Smith19-cv-1426.osc.term

5