UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH, KRISTINA FLESHMAN, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants. | No. 2:19–cv–01426–TLN–CKD <br><br><br> SANCTIONS ORDER |

On February 4, 2021 and March 2, 2021, respectively, Defendants Dr. Vickers and the City of Sacramento moved to compel plaintiffs to furnish responses to outstanding discovery. (ECF Nos. 19, 20.) On March 4, 2021, the court ordered plaintiffs' counsel, Joseph Barnet Weinberger, to show cause within 7 days why monetary sanctions should not issue for his failure to participate in preparing a joint statement of the discovery disagreement and for failing to respond to the first-filed motion to compel. (ECF No. 23.)

On March 11, 2021, plaintiff's counsel filed a responding letter assuming personal responsibility for not responding to outstanding discovery requests, stating counsel would provide full responses without objection to all outstanding discovery within 10 days, stating counsel was actively looking for new counsel for plaintiffs, and stating the court should grant the orders

sought by defendants. (ECF No. 22.)

On April 2, 2021, the court granted defendants' motions to compel and ordered plaintiffs to provide complete and verified responses to the four sets of discovery within 10 days. In addition, the court ordered plaintiff's counsel to file a status report within 14 days addressing whether complete discovery responses had been provided and counsel's efforts to find new representation for plaintiffs. The status report was due on April 16, 2021. Plaintiff's counsel did not file the ordered status report. (ECF No. 24.)

Subsequently, on April 22, 2021 and May 3, 2021, the City of Sacramento and Dr. Vickers moved for terminating sanctions, or, in the alternative, monetary sanctions for having to bring the motions, alleging no responses to the outstanding discovery had been provided. These motions are currently pending. (ECF Nos. 25, 28.)

On May 18, 2021, the court issued an order directing plaintiffs to show cause, in writing, why the court should not impose terminating sanctions against plaintiffs for their failure to respond to outstanding discovery and failure to comply with the court's orders. (ECF No. 29.) On May 21, 2021, plaintiff's counsel, Mr. Weinberger, filed a letter stating "accept[ing] [personal] responsibility for the actions in this matter" and stating "it is appropriate to impose the monetary sanctions that have been sought in this matter." (ECF No. 30.) Otherwise, no response was filed on behalf of plaintiffs to the pending motions for terminating sanctions. In addition, no one appeared on behalf of plaintiffs at the noticed June 2, 2021 Zoom hearing on the motions for terminating sanctions.

Consequently, the court finds it appropriate to impose a monetary fine of $500.00 on plaintiff's counsel, Mr. Weinberger, personally, to be paid within 15 days of this order. See E.D. Cal. R. 110 ("Failure of counsel . . . to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (district courts have inherent power to control their dockets and may impose sanctions in exercising that power).

Notwithstanding this order to pay monetary sanctions, the court reserves the right to

impose further sanctions, up to and including terminating sanctions, which are the subject of pending, unopposed motions filed by defendants. (See ECF Nos. 25, 28.)

Accordingly, IT IS ORDERED:

1. Within 15 days of the entry of this order, plaintiffs' counsel, Mr. Weinberger, shall:
   a. Personally pay the Clerk of Court a monetary fine of $500.00;
   b. Send a copy of this order to his clients and advise the court that he has done so.
2. Failure to comply with this order will result in the imposition of further sanctions up to and including further monetary sanctions and/or dismissal of claims or the action with prejudice. See Fed. Rules of Civ. P. 37(b)(2) and 41(b).

Dated: June 4, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Smith19-cv-1426.sanctions