UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH, KRISTINA FLESHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19–cv–01426–TLN–CKD<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 25, 28) |

Defendants City of Sacramento and Angela Vickers, M.D., have moved for terminating sanctions, or, in the alternative, monetary sanctions, for plaintiffs' failure to furnish discovery responses and failure to comply with a court discovery order. (ECF Nos. 25, 28.) Their motions were noticed for a hearing to take place via Zoom on June 2, 2021. Andrea Velasquez appeared at the hearing on behalf of the City and Paul Baleria appeared on behalf of Dr. Vickers. No one appeared on behalf of plaintiffs. For the reasons set forth below, it is recommended the defendants' requests for terminating sanctions be granted.

I.     **BACKGROUND**

Plaintiffs originally filed this action in the Superior Court of California, County of Sacramento. On July 26, 2019, defendant County of Sacramento removed the case to this court. Plaintiffs bring claims under 42 U.S.C. § 1983 for unlawful seizure, unwarranted non-consensual

1

medical examination, wrongful death, and municipal liability in relation to events involving their minor children in 2017.

On October 30, 2020, defendant Dr. Vickers served written discovery requests on both plaintiffs, consisting of Special Interrogatories, Set One, and Requests for Production of Documents, Set One. On February 4, 2021, having received no responses, Vickers moved to compel plaintiffs to furnish responses to the outstanding discovery. (ECF No. 19.)

On December 10, 2020, the City of Sacramento served each plaintiff with written discovery including special interrogatories and requests for production of documents. On March 2, 2021, having received no responses, the City moved to compel plaintiffs to furnish responses to the outstanding discovery. (ECF No. 20.)

Plaintiffs did not oppose either motion to compel. On March 4, 2021, no timely opposition having been filed to the first-filed motion to compel, and no communication having been received from plaintiffs or plaintiffs' counsel, the court issued an order to plaintiffs to show cause, in writing, why the court should not grant the motion to compel, ordering responses without objections, and to show cause why the court should not impose monetary sanctions against plaintiffs' counsel for failing to participate in meet and confer efforts, failing to assist in creating a joint statement regarding the discovery dispute, and failing to respond to the motion to compel. (ECF No. 21.)

On March 11, 2021, plaintiff's counsel filed a letter in response to the order to show cause. Counsel accepted personal responsibility for not responding to the outstanding discovery requests. (ECF No. 22.) The letter stated that counsel would provide full responses without objection to all outstanding discovery within 10 days, that counsel was actively looking for new counsel for plaintiffs, and that the court should grant the orders sought by defendants. (ECF No. 22.)

On April 2, 2021, the court granted defendants' motions to compel and ordered plaintiffs to provide complete and verified responses to the four sets of discovery within 10 days. (ECF No. 24.) In addition, the court ordered plaintiff's counsel to file a status report within 14 days addressing whether complete discovery responses had been provided and addressing counsel's

efforts to find new representation for plaintiffs. The status report was due on April 16, 2021. Plaintiff's counsel did not file the ordered status report.

Defendants' motions presently before the court in which they request terminating sanctions indicate that plaintiffs have not responded to the outstanding discovery requests which were the subject of defendants' motions to compel. The present motions seek sanctions in the form of terminating sanctions whereby the moving defendants would be dismissed from the case. In the alternative, they seek monetary sanctions for having to bring the motions.

On May 15, 2021, the court issued another order to show cause directing plaintiffs to show cause, in writing, why the court should not impose terminating sanctions against plaintiffs for their failure to provide complete and verified responses to the four sets of outstanding discovery in accordance with the court's April 2, 2021 order and otherwise failing to comply with the court order. Plaintiffs and plaintiffs' counsel were explicitly warned that "failure to comply with this order may result in the imposition of sanctions, including monetary sanctions and terminating sanctions. See Fed. R. Civ. P. 37(b)(2)." (ECF No. 29.)

On May 21, 2021, plaintiffs' counsel filed a letter in response to the order to show cause stating "[a]t this time, all outstanding discovery requests have been completed." Counsel's letter further "accept[s] [personal] responsibility for the actions in this matter" and states "it is appropriate to impose the monetary sanctions that have been sought in this matter." (ECF No. 30.) Plaintiffs have not otherwise responded to the pending motions for terminating sanctions. No one appeared on behalf of plaintiffs at the noticed June 2, 2021 hearing on the motions for terminating sanctions.

**II.    DISCUSSION**

Defendants seek terminating sanctions pursuant to F.R.C.P 37(b)(2) for not providing discovery responses and for not obeying a court order pertaining to discovery. It is within the discretion of the court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). The Local Rules of the Eastern District also provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or

3

order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Because "'dismissal is a harsh penalty . . . it should only be imposed in extreme circumstances.'" Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (quoting Ferdik, 963 F.2d at 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). Wrongful intent or actual ill will is not required; rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith or fault." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014); Henry v. Gill Indus. Inc., 983 F.2d 943, 948 (9th Cir. 1993). Substantial and prejudicial obduracy may also constitute bad faith. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir.2002).

A court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Terminating sanctions may be appropriate even if disobedience of the court order is the fault of the party's attorney alone. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990) ("A plaintiff cannot avoid dismissal by arguing that he or she is an innocent party who will be made to suffer for the errors of his or her attorney. The established principle is that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his or her client.") (citations omitted); see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92 (1990) (service on attorney constitutes notice to clients); Community Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) ("Under this

circuit's precedent, a client is ordinarily chargeable with his counsel's negligent acts.").

Applying Ninth Circuit standards here, it appears plaintiffs' failure to timely provide discovery responses, failure to file responses to the motions for terminating sanctions, and failure to appear at the June 2, 2021 hearing were due to "willfulness, bad faith or fault." Although plaintiffs' counsel's letter filed on May 21, 2021 indicates the fault for omissions in this case lies with counsel, rather than plaintiffs, plaintiffs have not responded to the arguments set forth in defendants' motions for terminating sanctions. In addition, no one appeared on behalf of plaintiffs at the June 2, 2021 hearing. While there is no indication these omissions were intentional, such a finding is not required for a finding of willfulness, bad faith or fault. See Sanchez, 298 F.R.D at 463. Plaintiffs could have attempted to avert the recommended result of terminating sanctions by opposing the motions requesting terminating sanctions or appearing at the noticed June 2, 2021 hearing. Plaintiffs did not oppose the motions and plaintiffs' counsel did not appear at the hearing. These omissions are imputed to plaintiffs whether due to the fault of plaintiffs or their attorney. E.g. Community Dental Servs., 282 F.3d at 1168.

Plaintiffs' neglect of this case and pervasive lack of due diligence are not "excusable." The circumstances support a finding of willfulness, bad faith, or fault. The court additionally makes the following findings about the five factors governing terminating sanctions.

First, the public interest in expeditious resolution of litigation favors dismissal.

Second, the court's need to manage its docket also favors dismissal.

Third, the risk of prejudice to defendants is substantial. According to defendants' unopposed motions, defendants have been unable to obtain basic discovery they need to defend against plaintiffs' claims. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406l, 1412 (9th Cir. 1990) (Failure "to produce documents as ordered . . . is considered sufficient prejudice.").

Fourth, the public policy favoring disposition of cases on their merits generally weigh against dismissal. Yet the public policy favoring disposition of cases on the merits is not furthered by litigants who fail to provide discovery needed by the opponent to prepare a defense. E.g., Sanchez, 298 F.R.D at 465. Plaintiffs' failures, if continued, would make disposition of the case on the merits impossible. Id.

Fifth, the court has considered lesser sanctions, has imposed lesser sanctions[1] and has warned plaintiffs about the possibility of case dispositive sanctions under Federal Rule of Civil Procedure 37(b)(2). Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007.) Still there is no opposition to the pending requests for terminating sanctions.

Plaintiffs have failed to furnish basic discovery responses, failed to cooperate in briefing concerning discovery disputes, failed to comply with a court order, failed to oppose the pending motions requesting terminating sanctions, and failed to appear through counsel or otherwise at the noticed June 2, 2021 hearing on the motions requesting terminating sanctions. No other alternative but a recommendation of dismissal is appropriate.

### III. CONCLUSION

For these reasons, IT IS RECOMMENDED that defendants' requests for terminating sanctions (ECF Nos. 25, 28) be granted, and plaintiffs' claims against defendants ANGELA VICKERS, M.D., CITY OF SACRAMENTO, CASEY DIONNE, KYLE ROBERTS, JUSTIN DONNELL, DANIEL PAIZ, ISMAEL VILLEGAS, and JOSEPH VIERGUTZ, be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////
/////
/////
/////
/////

---

[1] On June 4, 2021, the court's order issuing lesser sanctions directed plaintiffs' counsel, Mr. Weinberger, to personally pay the Clerk of Court a monetary fine of $500.00 within 15 days.

6

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Smith19-cv-1426.terminating.frs