UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH, KRISTINA FLESHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19–cv–01426–TLN–CKD<br><br><br>ORDER TO PLAINTIFFS' COUNSEL TO APPEAR ON WEDNESDAY, JULY 21, 2021 AT 10:00 A.M. |

By order filed June 4, 2021, monetary sanctions in the amount of $500 were imposed against plaintiffs' counsel, Joseph Barnet Weinberger, personally. The sanctions were to be paid to the Clerk of the Court within 15 days. (ECF No. 32.) Mr. Weinberger was directed to send a copy of the order imposing sanctions to his clients and to notify the court when he had done so. Counsel has not paid the sanctions and has not filed the ordered notice. This omission follows several other failures by plaintiffs' counsel in this case. Accordingly, Mr. Weinberger will be ordered to appear at a Zoom hearing on Wednesday, July 21, 2021 to show cause why additional sanctions should not be imposed and why he should not be reported to the California State Bar for his conduct in this case.

////

1

**I.	Background**

The monetary sanctions already ordered followed a discovery dispute brought to the court when defendants Dr. Vickers and the City of Sacramento moved to compel plaintiffs to furnish responses to outstanding discovery. (ECF Nos. 19, 20.) Mr. Weinberger failed to file responsive documents on behalf of his clients pertaining to these motions. On March 4, 2021, the court ordered him to show cause within 7 days why monetary sanctions should not issue for his failure to participate in the preparation of a joint statement of the discovery disagreement and failure to respond to the motion to compel. (ECF No. 23.)

On March 11, 2021, Mr. Weinberger filed a letter assuming personal responsibility for not responding to outstanding discovery requests. He stated that plaintiffs would provide all outstanding discovery within 10 days. Mr. Weinberger also indicated he was actively looking for new counsel to represent the plaintiffs in this case. (ECF No. 22.)

On April 2, 2021, the court granted defendants' motions to compel and ordered Mr. Weinberger to file a status report within 14 days addressing whether complete discovery responses had been provided and addressing his efforts to find new representation for his clients. (ECF No. 24.) The status report was due on April 16, 2021. Mr. Weinberger did not file a status report.

Subsequently, defendants City of Sacramento and Dr. Vickers moved for terminating sanctions, alleging responses to the outstanding discovery had not been provided. (ECF Nos. 25, 28.) On May 18, 2021, the court issued an order directing plaintiffs to show cause, in writing, why the court should not impose terminating sanctions against plaintiffs for the failure to respond to outstanding discovery and failure to comply with the court's orders. (ECF No. 29.) On May 21, 2021, Mr. Weinberger, filed a letter "accept[ing] [personal] responsibility for the actions in this matter[.]" (ECF No. 30.) However, no response was filed on behalf of plaintiffs to the motions for terminating sanctions. In addition, no one appeared on behalf of plaintiffs at the noticed June 2, 2021 Zoom hearing on the motions for terminating sanctions. Accordingly, on June 7, 2021, the

////

////

undersigned recommended defendants' motions for terminating sanctions be granted.[1]

In addition, as set forth, on June 4, 2021, the court imposed a monetary fine of $500.00 on Mr. Weinberger, personally, to be paid to the Clerk of the Court within 15 days. Mr. Weinberger was ordered to send a copy of the order imposing sanctions to his clients and to advise the court when he had done so. Counsel was cautioned that failure to comply with the order would result in the imposition of further sanctions up to and including further monetary sanctions and/or dismissal of claims or the action with prejudice. See Fed. Rules of Civ. P. 37(b)(2) and 41(b).

## II. Order to Appear

Mr. Weinberger has not paid the sanctions ordered and has not filed the required notification. As counsel should be aware, the failure to pay a monetary fine sanction may constitute a willful violation of a court order and may properly result in a contempt citation. See, e.g., Adriana Intern. Corp. v. Theoren, 913 F.2d 1406, 1417 (9th Cir. 1990) (upholding contempt sanction imposed on attorney for failure to pay monetary sanctions). Mr. Weinberger has been warned on more than one occasion that his failure to comply with court orders may be grounds for imposition of any and all sanctions within the inherent power of the court. He has, nevertheless, repeatedly failed to comply with orders of the court. Although counsel filed objections to the undersigned's recommendation to grant terminating sanctions in this case, prior to that recommendation, he failed to respond on behalf of his clients to the motions for terminating sanctions and failed to appear at the hearing on the motions for terminating sanctions. He has now additionally failed to pay the $500 monetary sanctions previously ordered. There is no apparent justification for these failures.

Accordingly, IT IS ORDERED:

1. Mr. Weinberger shall appear on Wednesday, July 21, 2021 at 10:00 a.m. in Courtroom 24 of the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, to show cause as follows:

---

[1] On June 18, 2021, Mr. Weinberger, on behalf of plaintiffs, filed objections to the recommendation that the motions for terminating sanctions be granted. This was the first occasion since the initiation of the discovery dispute that Mr. Weinberger filed a responsive document on behalf of his clients. Currently, the June 7, 2021 findings and recommendations remain pending.

3

      a. Why additional monetary sanctions in the amount of $5,000 should not be imposed against him personally; and

      b. Why he should not be reported to the State Bar of California for his failure to comply with court orders, failure to file responsive documents on behalf of his clients, and failure to appear at a hearing on behalf of his clients.

2. Mr. Weinberger shall additionally secure the appearance of his clients, the plaintiffs, at the July 21, 2021 hearing.

Dated: July 6, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Smith19-cv-1426.sethrng